E-FILED
Thursday, 08 October, 2015  10:46:05 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **WILLIAM L. CHESTNUTT,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**RAMON ESCAPA, MARITA** )<br>**GRIFFITH, SONYA MALLORY,** )<br>**and MARVIN REED,** )<br>)<br>**Defendants.** ) | **No. 14-3352** |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause comes before the Court on the Motion to Dismiss
Amended Complaint (d/e 26) filed by Defendant Marvin Reed, the
former Warden of the Jacksonville Correctional Center.  Because
Plaintiff William L. Chestnutt has failed to state a claim against
Defendant Reed, the Motion is granted.

### I. BACKGROUND

The allegations in the Amended Complaint and the facts of
the case are more fully set forth in this Court's August 19, 2015
Opinion granting the Motion to Dismiss filed by the other three

defendants in this case.  <u>See</u> Opinion (d/e 25).[1]  In sum, Plaintiff's children were adjudicated neglected in July 2012.  The Illinois Department of Children and Family Services (DCFS) gave Plaintiff a list of requirements with which he would have to comply in order to have the opportunity to regain custody and control of his minor children.  However, shortly thereafter, Plaintiff was incarcerated, first at the Pittsfield Work Camp and then at the Jacksonville Correctional Center.   Defendant Reed was at that time the warden of the Jacksonville Correctional Center, which is the parent institution for the Pittsfield Work Camp.  <u>See</u>

<u>www.illinois.gov/idoc/facilities/Pages/jacksonvillecorrectionalcenter.aspx</u>.

Plaintiff alleges that while he was incarcerated at the Pittsfield Work Camp, the Camp did not offer the services DCFS required Plaintiff to complete.  In early 2013, Plaintiff was transferred from the Pittsfield Work Camp to the Jacksonville Correctional Center because Plaintiff required treatment for non-Hodgkin's lymphoma. The Jacksonville Correctional Center offered the services Plaintiff

_____

[1] The Court granted Plaintiff until September 4, 2015 to file a second amended complaint should Plaintiff choose to do so. Plaintiff did not file an amended complaint or seek additional time to do so.

needed, but inmates in the infirmary are placed at the bottom of the list for receiving such services.  Plaintiff was released from incarceration in November 2013.

On November 20, 2013, the State filed a petition to terminate Plaintiff's parental rights.  Following a January 2014 termination hearing at which Plaintiff was present, the trial court found the State proved by clear and convincing evidence that Plaintiff was unfit because he failed to make reasonable efforts to correct the conditions that were the basis for the removal of the children, failed to make reasonable progress toward the return of the children within any nine-month period following the date of adjudication and disposition, and was depraved due to his five felony convictions.  See People v. Chestnutt, 2014 IL App (4th) 140278-U, ¶¶ 15, 23 (Aug. 21, 2014) (unpublished opinion); see 750 ILCS 50/1(D)(m)(i), (D)(m)(ii), and (D)(i).  In March 2014, after a best-interests hearing at which Plaintiff was present, the trial court terminated Plaintiff's parental rights.  Id.  The appellate court affirmed.  See People v. Chestnutt, 2014 IL App (4th) 140278-U.

In Counts III and IV of the Amended Complaint, the Counts directed at Defendant Reed, Plaintiff alleges that Defendant Reed denied Plaintiff the ability to complete the required services because Reed made the decision not to offer the courses and counseling required by DCFS.   Am. Compl., Count III, ¶¶ 2, 12; Count IV, ¶¶ 2, 15.

Plaintiff alleges he has suffered great emotional distress as a result of being deprived of his right to parent his children.  Am. Compl., Count III, ¶ 13; Count IV, ¶ 16.  As relief, Plaintiff seeks damages in excess of $50,000, an order requiring the Pittsfield Work Camp to offer the classes required by DCFS, and an order allowing Plaintiff the opportunity to complete the service plans as required.

## II. STANDARDS OF REVIEW

Defendant Reed moves to dismiss under Rule 12(b)(1) and 12(b)(6) of the Rules of Civil Procedure.

When considering a Rule 12(b)(1) motion, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff.  Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999).  The Court may

view any evidence submitted on the issue of jurisdiction to determine whether subject matter jurisdiction exists.  Id.  However, the plaintiff bears the burden of proving the jurisdictional requirements have been met.  Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell, 770 F.3d 586, 588-89 (7th Cir. 2014).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.  Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007).  To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in her favor.  Id.  However, the complaint must set forth facts that plausibly demonstrate a claim for relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  Plausibility means alleging factual content that allows the Court to reasonably infer that the defendants are liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Merely reciting the elements of a cause of action or supporting

claims with conclusory statements is insufficient to state a cause

of action.  Id.

### III. ANALYSIS

Defendant Reed argues that (1) the Amended Complaint is

barred by the Rooker-Feldman doctrine; (2) the Complaint fails to

state a claim upon which relief may be granted; and (3) Plaintiff is

collaterally estopped from litigating the issue of the termination of

his parental rights.

### A.   The Amended Complaint is Not Barred by the Rooker-Feldman Doctrine

The Rooker-Feldman doctrine takes its name from two United

States Supreme Court cases in which the losing party in state

court filed a suit in federal court complaining of an injury caused

by the state court judgment rendered before the district court

proceedings commenced and seeking review and rejection of the

state court judgment.  See Rooker v. Fid. Trust Co., 263 U.S. 413

(1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

The United States Supreme Court held that the district courts

lacked subjection-matter jurisdiction to decide the cases because

only the United States Supreme Court has jurisdiction to review a
state court judgment.  <u>Rooker</u>, 263 U.S. at 416; <u>Feldman</u>, 460 U.S.
at 476; <u>see also</u> <u>Exxon Mobile Corp. v. Saudi Basic Indus. Corp.</u>,
544 U.S. 280, 291 (2006) (citing 28 U.S.C. § 1257).

The <u>Rooker-Feldman</u> doctrine bars federal claims in two
circumstances:  where (1) a plaintiff requests that the federal
district court overturn an adverse state court judgment; or (2) the
claims were not raised in state court or do not, on their face,
require review of the state court's decision but the claims are
"inextricably intertwined" with the state court judgment.  <u>Brown v.</u>
<u>Bowman</u>, 668 F.3d 437, 442 (7th Cir. 2012).  When determining
whether a claim is inextricably intertwined with the state court
judgment, the district court considers the cause of the alleged
injury.  <u>Id.</u>  If the claim alleges the injury was caused by the state
court judgment, the claim is inextricably intertwined.  If the claim
alleges an independent prior injury that the state failed to remedy,
the claim is not inextricably intertwined and is not barred by the
<u>Rooker-Feldman</u> doctrine.  <u>Brown</u>, 668 F.3d at 442; <u>see also</u> <u>Long</u>,
182 F.3d at 555 (finding that the plaintiff's claims alleging
violations of the Fair Debt Collection Practices Act were

independent from the eviction proceeding litigated in state court and were not barred by the <u>Rooker-Feldman</u> doctrine).

However, if the federal claim is inextricably intertwined with the state court judgment, the claim is barred under <u>Rooker-Feldman</u> only if the plaintiff had a reasonable opportunity to raise the issue in state court. <u>Brown</u>, 668 F. 3d at 442. If the plaintiff could not have raised the claim in state court, the claim is not barred by <u>Rooker-Feldman</u>. <u>Id.</u> Moreover, "the fact that the plaintiff's pursuit of his federal claims could ultimately show that the state court judgment was erroneous [does not] automatically render <u>Rooker-Feldman</u> applicable." <u>Long</u>, 182 F.3d at 556.

In response to the Motion to Dismiss, Plaintiff argues that his claims are not barred by the <u>Rooker-Feldman</u> doctrine. Plaintiff asserts that the injury was not caused by the state court judgment but by Defendant Reed's failure to provide the services necessary for Plaintiff to satisfactorily complete his service plan. Plaintiff contends that the failure to offer services in the Pittsfield Work Camp and then being denied the opportunity to participate in the necessary services at the Jacksonville Correctional Center violated Plaintiff's right to parent. Resp. ¶ 8 (d/e 29).

Although the relief Plaintiff seeks includes a request that he be allowed to complete the service plans as required (which would require overturning the adverse state court judgment), Plaintiff also seeks damages for what he claims was a violation of his civil rights prior to the state court judgment. Because Plaintiff's claim alleges an independent prior injury that the state failed to remedy (the lack of services available at the prison), the claim is not inextricably intertwined and is not barred by the Rooker-Feldman doctrine. See, e.g. Brown, 668 F.3d at 442; see also Long, 182 F.3d at 555.

### B.    Plaintiff Has Failed to State a Claim for Relief

To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) deprivation of a right secured by the Constitution or laws of the United States; and (2) the alleged deprivation was committed by a person acting under the color of state law. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). Plaintiff argues that the failure of the Pittsfield Work Camp to provide the classes Plaintiff needed and Jacksonville Correctional Center's policy that inmates being treated for illness

are not allowed to participate in necessary services resulted in a violation of Plaintiff's right to parent.  Resp. ¶ 8.

Defendant Reed argues that Plaintiff has not pleaded any facts to support his claim that Defendant Reed engaged in a violation of Plaintiff's civil rights.  According to Defendant Reed, Plaintiff does not identify the constitutional right upon which he relies, the wrongful conduct in which he engaged, or any facts that would support a claim for relief.  Defendant also notes that while Plaintiff's Amended Complaint suggests that Plaintiff was deprived of his protected right in familial relations without due process of law, he was provided with a hearing.

Plaintiff has failed to state a claim against Defendant Reed.[2] "There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982) (finding the plaintiff had no property or liberty interest in prison employment, increased

---

[2] The Court notes that Plaintiff does not indicate whether he is suing Reed in his official or individual capacity.  Because Plaintiff fails to state a claim, the Court need not address this further or substitute the current warden of the Jacksonville Correctional Center.

recreation, or increased educational courses); <u>Madyun v.</u>
<u>Thompson</u>, 657 F.2d 868, 874 (7th Cir. 1981) (finding that the
failure to provide vocational and educational training does not
violate the Constitution "in the absence of grievously debilitating
prison conditions").  Moreover, it is well settled that there is no
property or liberty interest in attending educational, vocational, or
rehabilitative courses while in prison, and institutions are not
constitutionally required to provide these programs to inmates.
<u>Zimmerman v. Tribble</u>, 226 F.3d 568, 571 (7th Cir.2000) (prisoner
had no 14th Amendment due process claim for being transferred to
a prison where he could no longer enroll in programs that might
earn him earlier release); <u>see</u> <u>also</u> <u>Moody v. Daggett</u>, 429 U.S. 78,
88 n. 9 (1976) (Due Process Clause not implicated by prisoner
classification and eligibility for rehabilitative programs, even where
inmate suffers "grievous loss").  Therefore, Plaintiff has failed to
state a claim against Defendant Reed.

Plaintiff may be able to state a claim for violations of the
Americans with Disabilities Act, the Rehabilitation Act, or the
Equal Protection Clause based on the alleged failure of the
Jacksonville Correctional Center to provide certain services to

Page 11 of 12

inmates in the infirmary.  See Am. Compl. Count IV, ¶ 10

("Inmates in the infirmary are placed at the bottom of the list for

receipt of services such as the counseling and education

requirements your Plaintiff needed"); Resp. ¶ 8 (stating that "while

he was in the Jacksonville Correctional Center for treatment of an

illness, he was not allowed to participate in the necessary

services").  Therefore, Plaintiff will be granted leave to file a second

amended complaint.

## IV. CONCLUSION

For the reasons stated, Defendant Marvin Reed's Motion to

Dismiss (d/e  26) is GRANTED.  The claim against Defendant Reed

is DISMISSED for failure to state a claim.  Plaintiff may file a

second amended complaint against Defendant Reed (or the

appropriate defendant, depending on the claim) on or before

October 21, 2015.  If Plaintiff fails to do so, the Court will dismiss

this case with prejudice.

ENTER: October 7, 2015

FOR THE COURT:

                    s/Sue E. Myerscough
                    SUE E. MYERSCOUGH
                    UNITED STATES DISTRICT JUDGE